**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-24123-GAYLES**

**BRIDLINGTON BUD LTD,**

     **Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

     **Defendants.**

_____ /

### ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT

THIS MATTER comes before the Court upon the Plaintiff's Motion for Entry of Default Judgment as to Defendant No. 5 (the "Motion"). [ECF No. 35]. The Court has reviewed the Motion and the record and is otherwise fully advised.

1. Plaintiff brought this action against Defendants[1] for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* [ECF No. 1].

2. On November 4, 2025, the Court entered a Temporary Restraining Order as to the Defendants, [ECF No. 10], following Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, [ECF No. 6].

3. On November 12, 2025, pursuant to the Court's Order Granting Motion for Alternative Service, [ECF No. 11], Plaintiff served Defendants via e-mail and website posting on

---

[1] Defendants are comprised of the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" to the Amended Complaint. Plaintiff voluntarily dismissed without prejudice Defendants Nos. 3, 4, and 9 with prejudice, and the Court entered a Final Default Judgment against Defendants Nos. 1, 2, 6, 7, 8, 10, 11, 12, and 13.

Plaintiff's serving notice website, [ECF No. 15]. Defendants failed to timely answer or otherwise respond to the Amended Complaint.

4.  On November 17, 2025, the Court issued a preliminary injunction against Defendants for alleged violations of the Lanham Act. [ECF No. 18].

5.  On November 25, 2025, Zhai Lulu, purportedly the legal representative for Defendant No. 5, Kaifeng Lushuikong Technology Co., Ltd. ("Kaifeng"),[2] filed a letter indicating that Kaifeng could not afford counsel in this action. [ECF No. 19]. The same day, Zhai Lulu filed an Answer on behalf of Kaifeng. [ECF No. 20]. Because Kaifeng is a corporate entity and must be represented by counsel, the Court struck Kaifeng's Answer and gave it until February 6, 2026, to obtain counsel and respond to the Complaint. [ECF No. 28].

6.  Kaifeng failed to obtain counsel, and, on March 6, 2026, the Court entered a default against it. [ECF No. 32].

7.  On March 16, 2025, Plaintiff filed instant Motion seeking a default judgment against Kaifeng. [ECF No. 35].

8.  On March 24, 2026, Kaifeng moved to vacate the default and dismiss for improper service. [ECF No. 36]. However, because Kaifeng still was not represented by counsel, the Court denied the motion. [ECF No. 39].

9.  As a result of Kaifeng's failure to appear, respond to the Complaint, or otherwise appear in this action, the Court accepts as true Plaintiff's claims for trademark infringement. Accordingly, it is

---

[2] Kaifeng is identified as LSKdear on Schedule A to the Complaint. [ECF No. 9].

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment as to Defendant No. 5 (Kaifeng), [ECF No. 35], is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58(a), final judgment will be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of May, 2026.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE