**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-24123-GAYLES**

**BRIDLINGTON BUD LTD,**

    **Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

    **Defendants.**

_____/

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court on Plaintiff's Motion for Entry of Default Judgment as to Defendant No. 5 (the "Motion"). [ECF No. 35]. The Court granted the Motion in a separate Order. [ECF No. 42]. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate default final judgment.

Accordingly, it is **ORDERED and ADJUDGED** that Default Final Judgment is entered in favor of Plaintiff, Bridlington Bud Ltd. ("Plaintiff"), and against Defendant No. 5, Kaifeng Lushuikong Technology Co., Ltd., ("Defendant")[1] as follows:

1.    **Permanent Injunctive Relief**. Defendant and its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby permanently restrained and enjoined from:

---

[1] Defendant is identified on Schedule A to the Complaint as LSKdear. [ECF No. 9]

1

a. using Plaintiff's registered trademark in marketing, advertising, soliciting, selling or offering for sale, derivative or directly, unless authorized by Plaintiff; or

b. further infringing on the GJX trademark;

2. Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant and those with notice of this Permanent Injunction, including, without limitation, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, Inc., sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") and their related companies and affiliates on which this Court imposed restraints under the Preliminary Injunction shall:

a. immediately and permanently discontinue the use of the Plaintiff's trademark, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based ecommerce stores operating under the Seller Aliases; and

b. apply any funds currently in Defendant's financial accounts to satisfy the monetary judgments.

3. Pursuant to 15 U.S.C. § 1117(c), Plaintiff is awarded statutory damages in the amount of $50,000 against Defendant, for which let execution issue, based upon the Court's finding that Defendant infringed on the Plaintiff's registered trademark. The Court considered both the willfulness of Defendant's conduct and the deterrent value of the award imposed.

4. All funds currently restrained or held on account for Defendant by all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including, but not limited to, Walmart, Inc., ("Walmart") PayPal, Inc., ("PayPal"), Payoneer, Inc. ("Payoneer") and their related companies and affiliates, are to be immediately (within five (5) business days) transferred by the previously referred to financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms and by Defendant, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against Defendant. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, PayPal, Payoneer and their related companies and affiliates shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter for Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from Defendant's funds restrained prior to release; and (iii) the total funds released from Defendant to the Plaintiff.

5. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6. The Court retains jurisdiction to enforce this Judgment and permanent injunction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of May, 2026.

_____
DARRIN P. GAYLES
NITED STATES DISTRICT JUDGE